# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00058-CR

**Brady Alan Daniel, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILLS COUNTY, 35TH JUDICIAL DISTRICT
### NO. 3029, HONORABLE STEPHEN ELLIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Brady Alan Daniel appeals from a conviction for aggravated assault. *See* Tex. Penal Code § 22.02. In two points of error, Daniel challenges the sufficiency of the evidence supporting his guilty plea under article 1.15 of the Texas Code of Criminal Procedure and the enhancement of his offense as a repeat offender. *See* Tex. Code Crim. Proc. art. 1.15; Tex. Penal Code § 12.42(b). We will affirm the judgment of conviction.

## BACKGROUND

Daniel and the complainant, Angela Skelton, had dated for approximately five and a half years prior to the incident giving rise to his arrest. Skelton resided with Daniel and her three children from a previous marriage in a mobile home owned by Daniel's father.

On February 18, 2014, Daniel learned while at work that the hours on his schedule had been reduced. When he arrived home, Daniel, upset, went with Skelton to purchase beer. When

Daniel and Skelton returned from the store, they sat in the car and Daniel drank. After a while, Skelton went inside to prepare dinner. Daniel continued drinking. Approximately 45 minutes later, Daniel charged into the residence and demanded of Skelton, "What are you doing at our house?" Daniel, enraged, knocked Skelton to the floor and began to strike her in the face with his fists and to strangle her. Skelton managed to bite Daniel's thumb and escape. Skelton took her children and drove to the nearby residence of Daniel's cousin, who called the police. Skelton had a fractured orbital socket and had to have a metal plate inserted into her face.

Daniel was arrested and indicted for aggravated assault causing serious bodily injury. On November 17, 2014, Daniel waived his right to a jury and entered an open guilty plea. The trial court accepted Daniel's plea and conducted a hearing at which several witnesses, including Skelton and Daniel, testified. Plea paperwork, signed by Daniel, Daniel's attorney, the attorney for the State, and the trial court judge, was admitted into evidence and contained Daniel's written judicial confession. The trial court found Daniel guilty of aggravated assault and found true the repeat-offender allegation in the indictment, thereby enhancing Daniel's sentence to that for a first degree felony. Daniel was sentenced to 35 years' confinement. This appeal followed.

## DISCUSSION

### *Guilty Plea*

In his first point of error, Daniel contends that the evidence "is legally insufficient" to support his conviction for aggravated assault. While the United States Constitution does not require that the State present evidence in support of a guilty plea in Texas courts, article 1.15 of the

2

Texas Code of Criminal Procedure constitutes "an additional procedural safeguard" not required by federal constitutional law. *Menefee v. State,* 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). Article 1.15 requires that the State "introduce evidence into the record showing the guilt of the defendant" and prohibits the conviction for a felony of a person upon his guilty plea "without sufficient evidence to support the same."[1] Tex. Code Crim. Proc. art. 1.15. "By its plain terms," article 1.15 "requires evidence in addition to, and independent of, the plea itself." *Menefee*, 287 S.W.3d at 14. Evidence supporting a guilty plea "may take many forms," including a judicial confession or the defendant's testifying in open court, where he admits his culpability or acknowledges generally that the allegations against him are true and correct. *Id*. at 13.

Daniel maintains that "the statutory requirements for satisfying guilt in a felony case have not been satisfied," because his plea was "supported by insufficient evidence."[2] Immediately

[1] Article 1.15 provides:

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.

Tex. Code Crim. Proc. art. 1.15.

[2] Daniel's argument appears to be based on an assumption that the trial court could not consider any evidence following its acceptance of his guilty plea but prior to its finding him guilty. In making this assumption, Daniel is conflating the court's acceptance of a guilty plea with its judgment of conviction. Article 1.15 guarantees that no person "shall . . . be *convicted* upon his plea without sufficient evidence" accepted by the court as "the basis for its judgment." *Id*. Therefore, under article 1.15, "evidence is received to support the judgment, not to accept a plea of guilty or

3

following the acceptance of Daniel's plea, the trial court admitted into evidence a document entitled

"Written Admonitions to the Defendant From Plea to Court." Under the subheading "Waivers,

Consent, Stipulation, and Judicial Confession," appears the following:

> The Defendant consents to a stipulation of the evidence and testimony and to introduction of testimony by affidavits, written statements of the witnesses and any other documentary evidence.
>
> The Defendant **JUDICIALLY CONFESSES** and stipulates to committing the offense(s) of Aggravated Assault within the indictment or information or as a lesser-included offense to the offense charged in the indictment or information.
>
> Upon the defendant's oath the defendant does hereby swear or affirm: "My name is correctly spelled in the indictment or information, I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations as set forth in the indictment are true and correct, except those waived by the State . . . . I swear to the truth of all of the foregoing."

Beneath this text are the signatures of Daniel, Daniel's attorney, the prosecutor, and the trial

court judge.

A judicial confession, "standing alone, is sufficient to sustain a conviction upon a

guilty plea, and to satisfy the requirements of Article 1.15." *Chindaphone v. State*, 241 S.W.3d 217,

220 (Tex. App.—Fort Worth 2007, pet. ref'd). It must, however, cover "all of the elements of the

charged offense." *Menefee*, 287 S.W.3d at 13; *see also Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.

Crim. App. 1979). Where, as here, the accused specifically states in the judicial confession, "I have

nolo contendere." *Ex parte Martin*, 747 S.W.2d 789, 792 (Tex. Crim. App. 1988). To the extent Daniel argues that the trial court erroneously considered evidence following the acceptance of his plea and that this evidence cannot be considered under article 1.15, we disagree.

4

read the indictment or information filed in this case and I committed each and every act alleged therein" and the referenced indictment sets out the relevant elements of the offense, the requirement has been satisfied. *Chindaphone*, 241 S.W.3d at 220; *see Brooks v. State*, Nos. 03-13-00251-CR, 03–13–00252–CR, 03–13–00253–CR, 03–13–00254–CR, 2014 WL 2918000, at *3 (Tex. App.—Austin June 19, 2014, no pet.) (mem. op.). The indictment against Daniel charged that he "intentionally, knowingly, or recklessly cause[d] serious bodily injury to Angela Janette Skelton, by striking her on the face or body, which caused serious bodily injury." In so doing, it set forth the relevant elements for aggravated assault, precisely tracking the statutory language of section 22.02 of the Texas Penal Code. *See* Tex. Penal Code §§ 22.01, .02 ("A person commits an offense if the person . . . intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; . . . and the person . . . causes serious bodily injury to another, including the person's spouse.").

In addition to admitting Daniel's judicial confession and stipulations, the trial court heard testimony from Skelton that "next thin[g] I know, I'm on the ground and he is on top of me. He started punching me . . . in the face." Skelton also testified that she told medical staff at the hospital following the assault "that [Daniel] repeatedly hit me and repeatedly choked me." Daniel himself testified that while he could not remember much, "I know that I did it, that I hurt her."

Based on our review of the record, we conclude that the evidence is sufficient to support the trial court's finding of guilt. Daniel's signed judicial confession and stipulations, as well as the testimony of Skelton and Daniel, are sufficient to support a finding of Daniel's guilt. We therefore overrule Daniel's first point of error.

5

*Enhancement*

In his second point of error, Daniel contends that "the evidence is legally insufficient to support enhancement of the offense charged from a second to a first-degree felony." The indictment against Daniel contains an enhancement paragraph alleging a prior conviction for the felony offense of tampering with physical evidence. Under section 12.42(b) of the Texas Penal Code, "if it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony . . . , on conviction the defendant shall be punished for a felony of the first degree." Tex. Penal Code § 12.42(b).

To establish the fact of a prior conviction, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). There is no "best evidence" rule requiring that a prior conviction be proved by a specific document. *Id*. While evidence of a certified copy of a final judgment and sentence is "preferred and convenient," a defendant's admission or stipulation is also sufficient. *Id*.

Daniel emphasizes that he did not plead true to any enhancement. However, following the trial court's acceptance of his guilty plea, the trial court admitted into evidence a certified copy of Daniel's final judgment and sentence for the felony offense of tampering with physical evidence. That copy, standing alone, is sufficient to prove Daniel's prior conviction. *See id.*

Moreover, stipulating to a prior conviction "removes the need for proof" of that conviction. *Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005). Where an accused stipulates that he has read the indictment and committed "each and every act alleged therein" and

6

the indictment contains an enhancement paragraph regarding a prior conviction, the fact of the prior conviction is sufficiently proved. *Brooks*, 2014 WL 2918000, at *4. Here, not only did Daniel make such a stipulation, but he also stipulated, "All enhancement . . . allegations as set forth in the indictment are true and correct."

Given the admission of a certified copy of Daniel's final judgment and sentence for a prior felony conviction and Daniel's stipulations to the veracity of the indictment—specifically its enhancement paragraph—the evidence was legally sufficient to support the enhancement of Daniel's charged offense to a first-degree felony. We therefore overrule Daniel's second point of error.

## CONCLUSION

Having overruled both points of error, we affirm the trial court's judgment of conviction.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: December 10, 2015

Do Not Publish

7